[No. 2812. Decided February 23, 1898.]

JAMES S. BARTHOLOMEW, *Appellant*, v. THE FIRST NATIONAL BANK OF EVERETT *et al.*, *Respondents*.

JUDICIAL NOTICE — LOCATION OF TOWNS — DRAFTS — PRESENTMENT.

Courts will not take judicial notice of the banking facilities of a town or mining camp, but may properly take notice of the relative locations of the towns in the state.

A draft drawn upon a business house in Monte Cristo " via Everett National Bank," those points being seventy miles apart in the same county, is ambiguous in its terms, and the holder is warranted in presenting it to the Everett National Bank for payment, and in having it protested for non-payment at the latter point.

Appeal from Superior Court, Snohomish County.—Hon. JOHN C. DENNEY, Judge. Affirmed.

· A. J. Falknor, for appellant.
Black & Edwards, for respondents.

The opinion of the court was delivered by

GORDON, J.—It appears from the complaint that the plaintiff is an attorney and counselor at law residing at Monte Cristo, Washington, and also owns and operates a printing plant, wherein is printed and published the Monte Cristo Mountaineer, said newspaper and printing plant be-

ing operated by plaintiff under the name of the Mountaineer Publishing Company. This action was brought by him to recover damages for the wrongful and malicious protesting, and publishing of such protest, of the following draft, viz.:

" 5.00.                        Seattle, Wash., Feb. 20, 1896.
    " At sight pay to the order of James S. Bartholomew five and no-100 dollars, with exchange. Value received, and charge the same to account of
                            " Mountaineer Publishing Co.
    " To Monte Cristo Mountaineer,
        " Monte Cristo, Wash.,
            " Via Everett National Bank.
    " Indorsed:  Pay to C. S. Reinhart, or order.
                    " James S. Bartholomew."

The complaint alleges " that the drawee of said order or draft, the 'Monte Cristo Mountaineer,' was this plaintiff, James S. Bartholomew, and that presentment to the Monte Cristo Mountaineer was presentment to this plaintiff, James S. Bartholomew, and that the drawer of this order or draft, the ' Mountaineer Publishing Company,' was this plaintiff; all of which facts were well known to these defendants."

The complaint shows that the draft was received by the respondent bank in due course of business, and by said bank given to respondent Graham, a notary, to protest; that said notary presented the draft for payment at the Everett National Bank and payment being refused, sent out the customary and ordinary notice of protest to the respective drawers and indorsers. No special damages are alleged in the complaint, nor are any facts pleaded showing any intention of wrong or malice upon the respondent's part, excepting only the fact that the draft was presented at the Everett National Bank for payment instead of presenting it directly to the drawee at Monte Cristo, or delivering it to the Everett National Bank to be by it pre-

sented. The lower court sustained respondent's general demurrer to the complaint, and the appellant electing to stand by his complaint has appealed from the order and the judgment of dismissal. Respondents contend that the draft was presented for payment at the proper place; that in construing what is meant by the term "via Everett National Bank," the court has a right to take judicial notice of the fact that Monte Cristo is a mere mining camp, and that there is no bank or banking facilities there, and that men who do business through or by means of banks do so from Everett, which is about seventy miles from Monte Cristo. On the other hand, appellant insists that the preposition "via" can be given but one meaning, i. e., "by way of." We cannot agree with respondents that this court can take judicial notice, or any notice, of the presence or absence of banks in Monte Cristo. We think, however, that we may properly take notice of the geography of the state and of the relative locations of its towns. Neither will it do to put a literal interpretation upon the term "via Everett National Bank." The draft was "to Monte Cristo Mountaineer, via Everett National Bank." A literal interpretation would mean that in presenting the draft at Monte Cristo the route taken would have to be by way of Everett National Bank. We think that a reasonable interpretation of it is that the latter bank was designated as a place where presentation for payment could be made. The language as used is ambiguous, and we think the respondents were warranted in presenting the draft for payment at the latter bank. It therefore becomes unnecessary for us to determine whether, in the absence of any special allegation of damages, the complaint states a cause of action.

The order and judgment of the superior court must be affirmed.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.